The next case we're going to hear is Moore v. America Online, and Mr. Stemfort will hear from you. Thank you, Your Honor. Steve, then Stemfort for the appellant in this matter. A couple things here. I know there's some procedural questions in this case, and I'm happy to talk about them if you'd like. I thought first I'd jump right into the merits, though, on the federal question jurisdiction piece. And I think it's helpful to start this from the Baden case, obviously. And the principle is this, that the FAA allows federal courts to process disputes over which it already has jurisdiction. And Baden tells us how that happens. Number one, the FAA itself doesn't enlarge jurisdiction. And number two, what Baden says is that 1331 jurisdiction is triggered by the underlying dispute, the underlying controversy. So in our case, for instance, that would be the Stored Communications Act claim. Since that's a federal claim, that's what triggers federal question jurisdiction. And for purposes of a Section 4 petition, Doesn't this case really come down to this so-called circuit split that exists now as to whether we should look through this and find that we can look at complaint and find federal question jurisdiction? So you've got two circuits on one side and two circuits on the other side. And I suppose that leaves us with a choice. That's exactly right. That's exactly right. And the question is, I've got an idea of who you think, which two you think of. Well, I've set forth my brief, yes. And that's the question, right? The question is exactly that. So we know from Baden that you apply the look-through approach to a Section 4 petition. So the question is, well, is there any relevant difference between a Section 4 petition and then a Section 9, 10, or 11 petition? In this case, we have a Section 10 and 11 petition. So the question is, is there any difference? And I would say no, and for two reasons. Number one, we know that the textual difference between Section 4 of the FAA and Section 9, 10, 11, those textual differences are not jurisdictionally determinative because in Hall Street and Baden, the Supreme Court is very- Well, you can answer it another way. It seems to me Congress used the Commerce Clause power to regulate arbitration, Maritime and Commerce Clause. And so it basically says that contracts that affect commerce or maritime contracts are going to be subject to the arbitration rules. But it didn't give jurisdiction to enforcement of those rules and its appropriate rules. And the gateway to arbitration, which is the alternative to litigation from Baden, is you look at the underlying dispute for getting a compelling arbitration. And if it's a federal claim, then it has federal jurisdiction to compel or you can go into state court. If a party chooses to go directly to arbitration without getting a motion to compel under Section 4, it seems to me you're still governed by the fact the underlying dispute is a federal claim. And there. The question then is, do you need to repeat that language under Sections 9, 10, and 11? And I would think once you get the gateway into arbitration, coming out of arbitration, it would be parallel. You'd be guided by the same principles. And you wouldn't need to repeat it. Now, I know the Seventh Circuit made a big deal about it because it wasn't repeated in 9, 10, and 11. But it seems to me the overall structure is Congress wanted to impose arbitration rules on contracts so as to not disfavor arbitration contracts. And they did that with the Commerce Clause in Section 1 or 2, whatever it was, and the Maritime Clause. And so that's where they got the authority to pass the Arbitration Act, which is to regulate arbitration contracts. And then they basically said in Section 4, to get into arbitration, you follow the nature of the underlying claim. And that's what Baden says. It seems to me once you're in arbitration, it's the alternative to litigation. You don't come out of arbitration under Section 9, 10, and 11, go to state court. It's incongruous. And that seems to me your best argument. And it's not an attractive argument. Yeah, I think it's a pretty good argument. And there are some interesting and very strange implications of the approach that's taken by the Seventh Circuit and the Third Circuit. So you're going to have a state court, a federal court. Number one, it's going to force people to go into federal court rather than go directly to arbitration. And one of the ideas was to recognize arbitration contract as an alternative to litigation. And so the Federal Arbitration Act provides the two avenues. But if you could have gone into federal court to litigate, then arbitration would be federal arbitration. And the 9, 10, and 11 are basically enforcement of the order. Of course, the enforcement of the order is very deferential law enforcement. You want to vacate, which is near impossible, I think. But I haven't seen very many vacated. But that's for another day. Well, exactly. And we exactly agree that that is for another day. With respect to the implications of the approach adopted by the Seventh Circuit and the Third Circuit and Magruder and Goldman, that's exactly right. There are a number of very strange incentives that are created by that rule, which you've just explicated. And the other result of that, by the way, is that a federal court would have federal question jurisdiction over a motion to compel arbitration under Baden, but would not have federal question jurisdiction over a motion to confirm that. Well, that's my point. You go into arbitration, but then you couldn't enforce or regulate it, modify it, or whatever, under 9, 10, and 11. Exactly. And for that to be correct, the entry of the award would somehow have to have jurisdictional significance. And I just don't see how that would be possible. Number one, you want the FAA to have a unitary approach, which Dozier talks about. I think that's correct. And number two, why would the adjudication of the federal claim itself, why would that somehow deprive the court of federal question jurisdiction? And I think Goldman's analysis of that is essentially, Goldman says, well, by the time you get to a motion to vacate or a motion to confirm or modify, what you're really talking about is the process of the arbitration, right? Congress intended to eliminate the disfavor of arbitration. The state courts said the alternative to arbitration deprived courts of jurisdiction, and they weren't authorized to do that. And so Congress did two things, created the Arbitration Act procedurally, regulating all contracts that affect commerce or maritime contracts, and then, but did not give causes of action to carry out those regulations, and left that to the nature of the claim. And it seems to me Baden started the process and said Section 4 at least provides for the underlying claim determines the nature of the case, whether it's a federal case or a state case. And the only question left open is because the same language in 4 is not in 9, 10, and 11. Does that mean 9, 10, and 11 have to go to state court? And that's sort of peculiar. It seems to me once you're in arbitration, you're in arbitration. It doesn't change the nature of the claim. And obviously we agree on this, and I believe that the- Well, they're out there, I'll say, too, because you have two splits. Now, I do notice, I thought that both the Seventh Circuit and the Third Circuit tended to focus a little bit on the state contract nature. This is a state contract, but it's just the contract to arbitrate is procedural. The claim is based on, in this case, is based on a federal statute. That's exactly right. And that's what I was going to say about the Goldman analysis, which I think is the Third Circuit. They talk about procedure, but the same objection can be made to it on a Section 4, right? I mean, Section 4 is also a procedural issue. Do you go arbitrate or do you go into litigation for them? So I think the Goldman analysis just doesn't stand out. It appears to me that, given the brief of the opposing counsel here, it looks like there's not a whole lot of disagreement on the federal question. That's right. Of course, the court independently, we must engage to see if we are comfortable with it. The fact that you agree is okay, but we've got to make sure we're comfortable with it. But if we move beyond that, then the question seems to be, well, if you've got a federal question, what should we do with this case? Do we just resolve it here and affirm it, or do we send it back to the district court? Yeah, exactly. So that's the question, right? I mean, I think at least we're on board with jurisdiction and hopefully the court agrees as well.  And then the question is, what do you do with the case? Do you resolve it now or do you remand it? And it would be quite unusual for this court to go ahead and jump on a 12 v. 6 argument at this point in this case for a couple reasons. Number one, this is a 1915 E dismissal, and those can't be with prejudice, and this one was. So that part, at very minimum, can't be affirmed. Number two, you know, they claim that the petition doesn't state a claim, but they admit that the petition does click through some of the grounds on which a motion to vacate can be granted, including, you know, evident partiality in the arbitration and all their procedural unfairness. Now, their argument, of course, is, well, there's not enough Twombly-level detail here, and my rejoinder is if that's an argument they want to make, they can certainly do that on remand. I mean, by inviting the court to do that now, what they're doing is that would deprive the appellant here of the ability to amend in addition to correct whatever deficiencies they see. So we would say, number one, we do state a claim for 12 v. 6 purposes. Again, this is a pro se petition. You don't maintain it if there are defects. They could be amended by the trial court? In the trial court. The trial court will allow it? In the trial court. Yeah, so the way this would work, if it's remanded, the district court gets it back, and there the district court, you know, presumably would be instructed that there is jurisdiction here and then it moves forward. At that point, if they come in and they want to file a motion to dismiss on 12 v. 6 grounds, that's where we can hash this out. Once a motion to dismiss is filed, you know, there's a right to amend in response to a motion to dismiss. So if once a motion to dismiss is filed, there's an assessment of, yes, there needs to be an amendment to deal with that, then that's how that would play out. And, again, this is all stuff that ordinarily in every case would happen in the district court, and I simply don't see a reason why that would not happen here as well. All right. Is that about it? If there are no other questions, Your Honor. All right. We'll hear from Mr. Stark. May it please the Court, my name is Michael Stark, and I'm here on behalf of Appellee Oath, Inc., formerly America Online. I'll refer to my client as Oath in these proceedings. This case emerges from a claim that Appellee – Who's America Online now? What's the name of the company? It is Oath, Inc. Was that an improvement? I think it was, Judge Niemeyer. I think it's very solid news. It's catchy. Thank you. Let's make sure we're all on the same page starting here. If I'm reading your brief and what's here, you don't make any argument about this federal question jurisdiction matter. You go straight to the question of what should happen, even if there is. Does that indicate you're not going to present an argument in opposition to that? That's correct. You do correctly that the Court must first satisfy itself that it does have jurisdiction. We've had instances where we've had the parties that come up here, and both sides agree, sometimes in criminal cases, that we go out and appoint an independent counsel. I bet you there's a lawyer out there that would argue that other side of that case, but I don't see a need to do it here, but I'm just saying that has happened. But given the fact that if you're not going to be arguing that point, then why shouldn't we just send this back to the district court? They never looked at it from the first instance. We don't like doing the district court's work. Otherwise, we'd need district courts. We do their work. They don't like that, and we don't like it. So why wouldn't we just send it back to them and let them look at this? There's an opportunity to amend it, as I understand, if there is a defect. That's what would happen in the ordinary case, but we submit this is not an ordinary case, and this is a case in which this works. Well, let me ask you this. This is just a continuation of Judge Wynn's question. He did allege, whether, you know, he's pro se, and obviously there's a lot of awkwardness in the proceedings, but he did say that the arbitrator was biased and wouldn't bias, if it were demonstrable, if it were proved, be a ground for vacation? Evident partiality would be a ground for vacation under the arbitration act. I mean, whatever the grounds under 10 and 11 are. Right. And the court never – and he alleged that in the complaint, didn't he? He made it – he quoted the standards saying that there was evident partiality, and then he went a little bit – And so what was wrong with that? In other words, at this point, we accept that allegation, don't we? Well, you don't accept legal conclusions at this point, at this stage in the proceedings, and he did color that in with some more factual allegations, and even taking those factual allegations, the manner in which he described evident partiality as true, that would be insufficient. Your argument is that the facts he set forth doesn't satisfy any of the standards of 9 and 10? I mean, 10 and 11. Correct. The manner in which he pled this claim, he actually had a fairly detailed description of why he felt that the arbitrator was biased. And even accepting all of that as true, that would still be insufficient. And the reason is – What other grounds did he allege? Just bias, or was it something else? There were a couple others. I think the first one, and the bulk of the pleading, as I read it, was that he was essentially deprived of a fundamentally fair hearing, that he was deprived of discovery and he was deprived of an opportunity to present evidence at an oral hearing. And even accepting that as true, that would be insufficient. Federal courts, as you know, have a very high standard for setting aside an arbitration award, and they'll only set aside it for those procedural reasons, like he's alleged, when the proceeding was fundamentally unfair. And this case is very different. Did the district court consider all that or not? The district court did not consider this in the first instance, no. Was the district court just jurisdiction? The district court dismissed this case with prejudice, yes, and it was just the federal question jurisdiction. Well, if that's so, why wouldn't we almost have to send it back and let the court take a look at the – you're saying that we should do what the district court would ordinarily do. Yes. We should look at the complaint and say it's frivolous and throw it out. That's your argument, right? Precisely, Judge Menard. That is our position. And, again, we think this is one of the – Do we hear from the other side and say, well, do you want to amend? Do we consider whether or not we're going to allow amendments and that sort of stuff by the district court? I think the question of whether – the question of futility is something that this court can consider at this point. And while in the ordinary case it's true that a litigant would be given leave to amend, this is a very different case where leave to amend would be futile. And absolutely leave to amend is not a matter of right in this particular situation. So because it would be due – It would be so much cleaner to send it back to the district court, let the district court do its job, and then you need to come back here, you come back here. Well, I don't think that's necessarily the most clean way to do it. If you have, as you do in this case, essentially a record, because this case didn't come to this court on appeal of dismissal of a complaint at the outset of a proceeding, it emerges on the appeal of a dismissal of a petition to vacate an arbitration award. And there was a full arbitration proceeding, and the materials from that arbitration proceeding are attached to the petition. So this court has before it essentially what the district court would have before it in making that determination. And so then it just becomes a question of whether – Why should we do the district court's work? I don't think it's necessarily the district court's work in this instance, Judge King. This is a unique circumstance, to be sure. To decide a 12B6 motion in the first instance is district court work. We usually review the district court as a matter of law to determine whether it was correct. But somebody has to make that judgment, and while we could make that judgment, that doesn't mean it's our work. The motion is addressed in the district court dismiss, and then there are the possibilities of amendment. Well, you understand all that, of course. Absolutely, and I do understand that. But I do think it's important just to make the point as to why this case, even though it would ordinarily be the district court's work in the first instance, why this is a case where this court can and should affirm without remand. And in a lot of ways, it represents a perfect story. Just to refresh my memory on it, I've read – did they actually have an arbitration hearing? Did he actually appear? He did not. They resolved it on documents only. And reviewing the record, it appears that the documents only proceeding was elected by agreement of the parties. In fact, while he's kind of taken a different position in his petition to vacate, it's pretty clear from the briefing below that Mr. Moore participated in a scheduling conference at the outset of the arbitration at which everybody agreed that it would proceed on a documents only basis. He acknowledged as much in his briefing, and it did. And the arbitrator resolved that claim after submission of briefs. And Mr. Moore, during the course of those proceedings, timely submitted briefs pursuant to the scheduling order. And basically, the arbitrator dismissed his claim? Yes. Awarded no relief. Awarded no relief. That's correct. And he's coming to court to vacate it because he was biased, basically. Essentially, yes. And that he didn't receive a fair procedure. Oh, that's right. He wanted discovery, too. He wanted discovery. That's right. And all of those things that I just said, all of the reasons why the arbitrator behaved appropriately and there's no reason that Mr. Moore's met the high standard, are apparent in the record for this court now. He attached essentially the entire arbitration file. So this court could review that, and however many amendments he would possibly make, it can't change the facts, which are before this court, in this record, at this time. So leave to amend, and kicking this case back to the district court, at which point we would essentially. What did the arbitrator said during that conference? He said, I understand you're from Italy. The guy says, yeah. He says, well, I don't like Italians, and you're not going to win. And then they finish off on the papers, and he dismisses the award. If those were the facts, there would be a legitimate Section 10 claim, wouldn't there? Absolutely. And those aren't the facts here. Oh, I know they're not. Yeah, right. The next step of that is, from the record, we know that there's no such claim, because, in fact, Mr. Moore submitted an affidavit in connection with his proceedings describing that scheduling conference, in which he acknowledges that he essentially agreed to a documents-only procedure, which is the only basis, in other words, the procedural unfairness on which that hearing could justify. Well, the underlying facts of the case, the underlying claim, is really a documents claim. I mean, he didn't have any conversation with AOL. It was just basically what publication of or access to data. Yeah, the kernel of the case below, his underlying claim against Oath, is that Oath released that information to the Georgia State Police Department inappropriately. So that's correct. There's really no need in this instance for, not that it's the position of the federal courts to second-guess the arbitrator's procedure, but in this instance, we agree with you, there's no need for any kind of a hearing. So if those are his bases, and we know from the record that we have, that there's no way that amendment could cure any of those problems, it simply doesn't make sense to remand this case for the district court to consider it in the first instance, only to have us make essentially the same arguments that we're making here, and to have those probably accepted, and then to come back up here on appeal of them with the same parties, the same arguments, and for all practical purposes, the same record. So while it would ordinarily be district court work in the first instance. Well, the issue would be different then. The issue would be, well, if the district court granted the motion to dismiss the response, or he amended, I suppose he would argue, I don't know what he'd argue. We'll hear. Right. Okay. A couple other points. Let me make sure I understand. You say there's no diversity jurisdiction here. That's correct. To the extent, we think there's federal question jurisdiction. We agree with them on that point. We kind of equivocated on that. I went back and looked at your brief. You mealy-mouthed on that. Well, I think it kind of makes sense. You say there's no diversity jurisdiction, but now you say there is federal question jurisdiction. Our position is that we agree with the other side. Is that because AOL wants to get that settled so it can keep these things out of the state court? I think our view in general is consistent with the view that Judge Nimoy articulated, which is if the underlying case is a federal case, it's simply incongruous to have an arbitration of that federal or any kind of post-arbitration proceeding from that federal case to be adjudicated in a state court. So our preference is to have, and that's why our position is, that these are petitions to vacate. Well, it doesn't look like there's any diversity because of the amount. Exactly, and that's why we agree to the extent that that's the question. There is jurisdiction there. It's federal jurisdiction. It's federal question jurisdiction. And that's what you say it is. Correct. And that's what he says it is. He says it's both. Correct. It's just pretty clear that the amount of controversy. Your friend on the other side says there's jurisdiction under either hook in any event. Correct. And the reason we disagree with my friend on the other side is that it's clear in this case, for whatever reason, Appellant Moore pled a claim of $74,999. So any way you slice that, that's going to be less than the amount of controversy. And I know there's a circuit split on that question, but there would be no diversity jurisdiction for that reason. But we're all on the same page as to federal question. Okay. Well, I thought you equivocated on the federal question. Well, when we initially filed, I think the reason we might have is that Did you file something, a supplement to the red brief and say we changed our tune? No, Your Honor, but when this case initially came to our attention, this case, we were never served in the district court. We knew of the underlying arbitration, obviously. We first learned of the federal proceedings when we received notification that counsel had been appointed and this case had been calendared for oral argument, at which point we filed a motion to dismiss. And in that motion to dismiss, we expressly said that we didn't take a position. But that motion to dismiss was denied, and here we are. And now the question is before the court, and the court must first resolve whether it has jurisdiction. We agree with the other side. So I don't think we equivocated in our briefs at all. It's just kind of the lengthy procedural posture for the proceedings in this court. But now that we're here, the question is just what should we do? Is it worth sending it back or is it not? And, again, this is a unique case where the entire record is before the court. This is an abusive serial litigant, and it's not just us saying it. It's been documented by findings by another federal judge and leave to amend. Now the answer to that seems to be, because of your company, listen to Judge King's questions. You don't challenge a federal question jurisdiction, not so much on the law, because you don't like the result of it. That is, that you would then end up in state court. Is that kind of where this is? We think these are federal claims, and we would not have filed a motion to dismiss if we were served in the district court on that basis. The other thing is, you know, we have appointed counsel in cases to represent where the interest of that particular question is not being adequately represented. You have an interest that, to me, is outside of what the law is on this. You just want that to be the law because you don't like the result of it. And there doesn't seem to be anybody here representing that other interest there, that, you know, what does the law is, other than the court itself. And, of course, we go through it and look at it and make a decision on which one to, but there's no advocacy here for that. It's a unique position to be in. And, you know, having gotten to that point, to continue to press this business about not going back and deciding here, it's almost like, wow, you're about to win a big hump in this case that you, because ultimately where this case is going, that's probably a bigger issue for this circuit than anything else you argue. And in this circuit, the Fourth Circuit, we're pretty clear. We don't, you know, you don't give the other side at least a chance in the process. He's not had a chance to make amendments. He's not even had a chance to make merits. You said be frivolous anyway, but he's not even had that chance. And we've been pretty clear on that. The Siena case is one of the cases we've had on that. You know, I'm almost wondering maybe you ought to just take what you have and kind of be happy with it because you keep pressing this thing and breaking these things out. I've become inclined, we're not getting the other side of this argument up here, as to whether this is a case where federal questions should not be a look-through, not because they want it in state court or whatever, but because the law is such that. And I understand your question, Judge Winn, and I do agree it's a bit of a unique position. We do think it's an exceptional case where this case could be resolved. I would think if you understand it, you would abide by it pretty quickly. But proceed. Okay. And with that, I think I'll take my cue and I'll sit down. We urge the Court to affirm. Thank you. Mr. Stanford. Thank you, Your Honors. Just a few very brief points. Let me ask you, you've got a plausible argument that they're more than $35,000? Yeah, so to be frank, I think the path of least resistance here is that, and I'm not going to interpret this pro se petition. So in our brief, because there is a certain split on the demand approach versus the award approach, but when you look at the cases, if you look at the remand and reopen cases, and I haven't found a case in which a request was made to remand and reopen for an amount that is more than $75,000. I have not found a case where the Court says the amount in contrary has not been met. He artfully pleaded. I think he was aiming at the arbitration rules because they said if you plead under $75,000, you get treated with a different procedural requirement. And he did that, $74,999. And then later he said $75,000, but that still wouldn't do it because it has to exceed $75,000. And I don't see anywhere where he alleged that he exceeded $75,000. I might be wrong on that. And it really depends on, I mean, this is a pro se petition. It's not incredibly clear, right? But our argument is that you could generously read, so Appendix 31 and 32 is where he makes his damages demand. And he does say, I want $75,100 with respect to my arbitration. And then he has $300,000 and $200,000 and $956. This is on the enforcement. So this is all in the petition. Well, I saw that, but that's his suit under Section 9, Section 10 of the Federal Arbitration Act to vacate. But the question is whether his underlying claim, if we focus on the underlying claim, which Baden, I think, suggests we should when we're going to arbitration, at least to compel arbitration, it raises the same issue. Because the claim he stated and articulated and was adjudicated was a $74,999 claim or a $75,000 claim. That's right. That's right. So under the demand approach, right, then that would be a dispositive action. And in adjudication, too, the arbitration award, the most that could have been granted would have been $75,000, I think. In his initial demand, yes. All the documents there, the only place he went over is in the lawsuit seeking to vacate. That's right. But that's a motion under Section 9. It's not a lawsuit. It's the procedural enforcement of the federal arbitration rules that the FAA provides. But his claim for violation of the federal statute always was circumscribed by $74,999 or $75,000. At least that's what I saw in the arbitration papers. In the arbitration papers, that's correct. Right. And my position here would be to say, you know, when you have a case where a petition is filed under Section 10 that says, you know, vacate this, remand it, and reopen, and when you reopen, give me more than $75,000 in damages. Let me understand what's going on here. The reason the court is continually asking you about this is because you keep pressing that there's diversity in jurisdiction. Everything that's been said in this court that I've been listening to says that there's federal question in jurisdiction. Even your opponent says the question from the court seems to go there. There's really nobody representing that other opposing view, even though there's a circuit split on it. Why in the world are you just saying, well, let me rest on the brief on that? Why are you struggling with the diversity when you don't need it if you've got a federal question in jurisdiction? What's the point of wanting both? Safety. Just in the unlikely circumstance that you don't agree with me on federal questions. I got the safety aspect, but this plane you own is already on the ground, and you're jumping out a lot of the ground. You don't need a parachute. I'm perfectly happy with that. I'm perfectly happy with that. And so, again, the diversity jurisdiction is just, again, this is just an additional part. And it's a struggle. Absolutely. In fact, the federal question is that much of a struggle. Why go there? Well, there's a circuit split. Confusing that court. I entirely agree. What's the line up on the circuit split? Two to two? Two to two. Two to two, yes. Two to two. That's pretty close. Well, you're the kingmaker. But you and Mr. Stark are on the same side. Yeah. Nobody on the other side. But nobody on the other side. That's my judgment, sir. That's exactly right. If I could just address the remand aspect of it. And I'll be brief because I know that I think the court is on board with the fact that it has to be remanded. Just with respect to the futility argument, the futility of amendment, I mean, at this point, I'm limited by the appellate record. I mean, I can't go out and tell you, hey, we could go amend to add additional facts because I'm limited to what's in the appellate record. In the district court, of course, that would be a different consideration. There may be additional facts out there. If you could get a remand, if you could get jurisdiction, and if you could get a remand, you could ask for a right to amend. That's exactly right. Are you going to stick with him if he goes back? That remains to be determined. Okay. Well, somebody who's going to have this ballot. You're just an appellate man, and you just want to make some law. You just want us to get on some side of this diversity. Well, to be very frank with you, Judge. You're just out shopping a jurisdictional theory. To be very frank with you, Judge, I mean, the estate is involved in this case at this point, and so they want to proceed with this. There was one open matter. There was a motion to substitute the representative. The personal representative is unopposed. I think we've decided to grant that motion just to clarify that administratively and ask the clerk to grant that motion. And we'll adjourn for today and come down and greet counsel. This honorable court stands adjourned until tomorrow morning. God save the United States and this honorable court.
judges: Paul V. Niemeyer, Robert B. King, James A. Wynn Jr.